# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00582-GCM

DAVID M. HOLLOWAY,

    **Plaintiff,**

v.

PTB MOVIE, LLC,
RICHARD CLARK, JR.,

    **Defendants.**

**ORDER**

    **THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 10), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Having considered the court record and the pertinent authorities, the Court makes the following findings of fact and conclusions of law:

1. That Defendant, Richard Clark Jr., is a citizen of the state of North Carolina.

2. That Defendant, PTB Movie, LLC, is a prospective North Carolina limited liability company that has not been registered with the North Carolina Secretary of State as of the date of this order.

3. That Plaintiff, David Mark Holloway, is a citizen of the state of California.

4. That Plaintiff filed its Complaint at law and equity for breach of contract and unjust enrichment, on October 21, 2020;

5. That Defendants were served with process pursuant to Fed. R. Civ. P. 4(h)(1)(B) in the following manner: Service was made by delivering copies of the Summons, Civil Cover Sheet, and Complaint to these Defendants via FedEx Priority Overnight, Direct

Signature Required upon delivery. A copy of the Summons, Civil Cover Sheet, and Complaint was sent addressed to Richard Clark, Jr., 4375 Hickory Hollow Road, Gastonia, NC 28056. A copy of the Summons, Civil Cover Sheet, and Complaint was sent addressed to Richard Clark, Jr., Member, PTB Movie, LLC, 4375 Hickory Hollow Road, Gastonia, NC 28056.

6. That counsel for Plaintiff electronically filed an Affidavit of Service with Exhibit in this action with the Clerk of Court using the CM/ECF system on December 8, 2020;

7. That personal jurisdiction over Defendant Richard Clark, Jr. complies with North Carolina General Statutes, *inter alia* N.C. Gen. Stat. § 1-75.4(b), that personal jurisdiction over Defendant PTB Movie LLC complies with North Carolina General Statutes, *inter alia* N.C. Gen. Stat. § 1-75.4(d), and that personal jurisdiction was acquired over both Defendants by the service of process in the manner described above.

8. That the time for filing an answer or responsive pleading by all Defendants has expired, and no answer, pleading, or other document of any kind has been filed by Defendant, nor by anyone on his, her, its, or their behalf;

9. That Defendants have never made an appearance in this case;

10. That Default was entered against Defendants on April 16, 2021 by Frank G. Johns, Clerk of Court.

11. That Defendants are not incompetent or minors and have not appeared before this Court to defend this action; and

12. That Defendants are subject to Entry of Default Judgment as provided by Fed. R. Civ. P. 55.

Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED**.

1. The Court orders the Defendants to pay the Plaintiff $102,208.72 in damages, which includes $100,000 in damages relating to breach of the Purchase Agreement, and breach of three loan agreements for August 17, 2017 ($500.00), September 20, 2018 ($708.72), and January 4, 2019 ($1,000.00).

2. Prejudgment interest shall be awarded from the date of breach, which the Court determines to be March 11, 2019. The rate shall be eight percent per annum, in accordance with N.C. Gen. Stat. § 24-1.

**SO ORDERED.**

Signed: September 7, 2021

Graham C. Mullen
United States District Judge